# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**LISA MURPHY**                                                    **PETITIONER**
**ADC #760343**

### CASE NO. 3:19-CV-376-DPM-BD

**BARTON**                                                         **RESPONDENT**

## ORDER

Lisa Murphy filed a pro se petition for writ of habeas corpus under 28 U.S.C.

§ 2241.[1] (Docket entry #1) Ms. Murphy is currently serving an eleven-year sentence in

the Arkansas Division of Correction (ADC).[2] See *Murphy v. State*, 30CR-09-217 on

CourtConnect, Arkansas Judiciary homepage (https://caseinfo.arcourts.gov/cconnect/).

There are problems with Ms. Murphy's petition. As an initial matter, she states

that her petition generally concerns "jail or prison conditions" and "prison discipline."

(#1 at 1) The purpose of a habeas corpus petition is to challenge unlawful detention or

the length of a prison sentence. Prisoners cannot challenge the conditions of their

confinement through habeas corpus.

---

[1] Ms. Murphy filed her petition for writ of habeas corpus using the form for a prisoner
who seeks a writ of habeas corpus under 28 U.S.C. §2241. The Clerk, however, correctly
docketed the petition as one brought under 28 U.S.C. §2254, which is applicable to
prisoners such as Ms. Murphy, who seek relief from a state-court judgment.

[2] The Arkansas Department of Correction has been renamed the Arkansas Division of
Correction. See ARK. CODE ANN. § 25-43-402(a)((5) (Supp. 2019); FED. R. CIV. P.
25(d).

If Ms. Murphy intends to challenge the conditions of her confinement, she may do so by notifying the Court that she wishes to convert her habeas corpus petition to a civil action under 42 U.S.C. §1983. To pursue conditions-of-confinement claims, Ms. Murphy must either file a motion to proceed in forma pauperis (IFP) or pay a $400 filing fee. If she is granted IFP status, she will be permitted to pay a $350 filing fee in monthly installments.

To pursue a federal petition for writ of habeas corpus, Ms. Murphy must file an amended habeas corpus petition within 30 days that complies with 28 U.S.C. §2254. Specifically, she must state how her current custody violates either the Constitution or laws of the United States. Also, she must either file a motion to proceed *in forma pauperis* or paid the $5.00 filing fee required in habeas corpus cases. The Court is aware that Ms. Murphy already has two pending federal petitions for writ of habeas corpus: *Murphy v. Bradley*, 1:19-CV-77-BSM-JTK (filed Aug. 28, 2019) and *Murphy v. Johnson et al.*, 1:19-CV-90-KGB (filed September 12, 2019). Before electing to pursue this case as a petition for habeas corpus relief, she is cautioned that such a petition would apparently be an unauthorized second or successive petition. See 28 U.S.C. § 2244(b)(1).

Ms. Murphy must file an amended petition for habeas corpus relief or notify the Court of her wish to convert her pending petition to a civil complaint within 30 days. With either choice, she must address the appropriate filing fee. The Clerk is directed to send Ms. Murphy an application to proceed *in forma pauperis*, along with a copy of this order.

Ms. Murphy's failure to fully comply with this order within 30 days will result in dismissal of this action under Local Rule 5.5(c)(2) and the Federal Rules of Civil Procedure.

IT IS SO ORDERED, this 26th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE