IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**LISA MURPHY**                                                                       **PETITIONER**
**ADC #760343**

CASE NO. 3:19-CV-376-DPM-BD

**BARTON**                                                             **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections:**

This Recommendation for dismissal of the habeas corpus petition filed by Lisa Murphy has been sent to Chief Judge D.P. Marshall Jr. Ms. Murphy may file written objections if she disagrees with the findings and conclusions set out in the Recommendation. To be considered, however, objections must be filed with the Clerk of Court within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Ms. Murphy does not object, she may lose the right to appeal questions of fact. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.    Discussion:**

Ms. Murphy is currently serving an eleven-year sentence in the Arkansas Division of Correction (ADC). See *Murphy v. State*, 30CR-09-217 on CourtConnect, Arkansas Judiciary homepage (https://caseinfo.arcourts.gov/cconnect/). Her petition generally concerns "jail or prison conditions" and "prison discipline." (#1 at 1)

In a December 26, 2019 Order, the Court alerted Ms. Murphy of her obligation either to file an amended habeas corpus petition challenging her detention or to convert her petition to a civil rights complaint under 42 U.S.C. § 1983 so that she could challenge the conditions of her confinement. (#2)

The Court also notified Ms. Murphy of her obligation to address the filing fee requirement, regardless of whether she chose to proceed with a habeas corpus action or a civil rights action. To continue with habeas corpus claims, she could either file a motion to proceed *in forma pauperis* or pay the $5.00 filing fee. If she chose to convert her petition and challenge her conditions of confinement, she could either file a motion to proceed *in forma pauperis* and pay a $350 fee in monthly installments or, in the alternative, pay a $400 fee.

The Court warned Mr. Murphy that, if she did not file a motion to proceed *in forma pauperis* or pay the filing fee within 30 days, her petition would be dismissed, without prejudice. Ms. Murphy has not responded to the December 26 Order, and the time allowed for her to address the filing fee requirement has expired.

### III.   **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Ms. Murphy has made a substantial showing that she was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Ms. Murphy has not provided a basis for the Court

to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## IV. Conclusion:

The Court recommends that Ms. Murphy's habeas corpus petition (#1) be dismissed, without prejudice, for failure to comply with the Court's December 26, 2019 Order.

DATED this 29th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE